Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Danielle A. Stoumbos (State Bar No. 264784)
dstoumbos@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

Counsel for Individual and Representative
Plaintiff Charles Hairston

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HAIRSTON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH BEACH BEVERAGE COMPANY, INC.; PEPSICO, INC.,<br><br>Defendants. | Case No. CV 12 1429-JFW (DTBx)<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Charles Hairston ("Plaintiff") by and through his counsel, brings this class action against South Beach Beverage Company, Inc. and Pepsico, Inc. (collectively, "Defendants"), on behalf of himself and all others similarly situated, and allege the following upon personal knowledge as to his own experience, and based upon information and belief and the investigation of his counsel as to all other matters:

## NATURE OF THE CASE

1. The nonalcoholic beverage market is highly competitive. In recent years, consumers have become willing to pay a premium for beverages that they perceive to be healthy, organic and/or natural. As a result, the market for beverages labeled as "all natural" has grown rapidly, yielding millions of dollars in revenue for beverage manufacturers.

2. Defendants manufacture and market three beverage product lines under the name "SoBe," which stands for South Beach. The three beverage product lines are: Lifewater, 0 Calories Lifewater, and Teas & Fruit Flavored Elixirs. This suit concerns Defendants' 0 Calories Lifewater beverages.

3. In an effort to capture a segment of the lucrative beverage market, since at least 2009, Defendants have prominently labeled certain of their 0 Calories Lifewater beverages as "All Natural" and as containing certain fruit. These beverages are the Macintosh Apple Cherry, the Strawberry Kiwi Lemonade, the B-Energy Strawberry Apricot, and the Black Cherry Dragonfruit (hereafter, "SoBe Beverages"). The SoBe Beverages, however, are not "all natural" because they contain unnaturally processed, synthetic and/or non-natural ingredients, as set forth below in Paragraphs 17-33. Defendants market their products in this manner to this day on the SoBe website at www.sobe.com and on the SoBe Beverages themselves.

4. Additionally, Defendants represent that the SoBe Beverages contain fruit, *i.e.*, "Macintosh Apple Cherry," "Strawberry Kiwi Lemonade," "Strawberry Apricot," and "Black Cherry Dragonfruit," in large lettering on the front of the labels. The SoBe

1

CLASS ACTION COMPLAINT

Beverages, however, do not contain such fruit or fruit juices. Defendants market their products in this manner to this day on the SoBe website at www.sobe.com and on the SoBe Beverages themselves.

5.  Reasonable consumers such as Plaintiff do not have the specialized knowledge necessary to identify ingredients in SoBe Beverages as being inconsistent with the "All Natural" claims. Also, reasonable consumers such as Plaintiff are likely to be deceived into believing that the beverages contain juices of the fruit identified on the packaging.

6.  Defendants know that consumers are willing to pay for natural, healthy products, and advertise their products with the intention that consumers rely on the representations made on the front of the packaging. Defendants also know that their labeling claims and omissions are false, deceptive, and likely to mislead reasonable consumers.

7.  Plaintiff read and relied on the representations that Defendants made on the SoBe Beverages, namely, the "All Natural" representations and the fruit representations.

8.  As a result of Defendants' false, deceptive, and misleading advertising, Plaintiff and consumers did not receive the benefit of their bargain when they purchased the SoBe Beverages. They paid money for a product that is not what it claims to be.

9.  Plaintiff brings claims for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq., and the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* Plaintiff seeks an order requiring Defendants to, among other things: (1) cease the unlawful marketing alleged herein; (2) conduct a corrective advertising campaign; and (3) pay restitution to Plaintiff and Class members in the amounts paid to purchase the products at issue.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because Plaintiff and Class members are of diverse citizenship from the Defendants; there are more than 100 Class members; and the aggregate amount in controversy exceeds $5,000,000. This court has personal jurisdiction over the parties because Defendants conduct substantial business in this state, have had systematic and continuous contacts with this state, and have agents and representatives that can be found in this state.

11. Venue is proper in this District under 28 U.S.C. § 1391(a) because Plaintiff is a resident and citizen of this district, a substantial part of the events or omissions giving rise to the claim occurred within this District, and Defendants have caused harm to Class members residing within this District.

## PARTIES

12. Plaintiff Charles Hairston is a resident and citizen of Corona, California. He has regularly purchased SoBe Beverages over the last 3-4 years. He has bought: SoBe 0 Calories Lifewater Macintosh Apple Cherry; SoBe 0 Calories Lifewater Black Cherry Dragonfruit; and SoBe 0 Calories Lifewater Strawberry Kiwi Lemonade. Plaintiff has frequently purchased SoBe Beverages in the county of Riverside, as well as other locations in California, most recently in or about December 2011 at Vons supermarket in Corona, California. Plaintiff relied on the representations that the SoBe Beverages were "All Natural" and contained the fruits identified on the front of the labels. These representations were material to Plaintiff and played a substantial part in influencing his decision to buy the SoBe Beverages. The SoBe Beverages Plaintiff bought, however, did not contain "All Natural" ingredients and did not contain the fruit identified on the front of the labels.

13. Defendant South Beach Beverage Company, Inc. ("SBBC") is a Delaware corporation with its principal place of business at 700 Anderson Hill Road, Purchase,

New York 10577. SBBC manufactures, markets, and sells beverages and juices under the brand name SoBe to consumers in California and throughout the United States at grocery chains, big box stores and convenient stores such as Vons, Safeway, Albertson's, Ralph's, Target and Circle K.

14. Defendant PepsiCo, Inc. ("PepsiCo") is a North Carolina corporation with its principal place of business at 700 Anderson Hill Rd., Purchase, New York 10577. Based on information and belief, PepsiCo, along with SBBC, jointly manufactures, markets, and sells beverages and juices under the brand name SoBe to consumers in California and throughout the United States at grocery chains, big box stores and convenient stores such as Vons, Safeway, Albertson's, Ralph's, Target and Circle K.

## SUBSTANTIVE ALLEGATIONS

### SoBe Beverages Do Not Contain Any of the Fruits as Represented on the Packaging

15. Although the SoBe Beverages do not use the word "juice" on the front of the packaging, all expressly represent that they contain fruit in readily noticeable, bolded and large size type font under the name of the beverage "lifewater". *See* Exhs. A-D hereto. Reasonable consumers are likely to believe that the SoBe Beverages contain juices from the fruits prominently listed on the front of the label. These beliefs are reinforced by Defendants' other representations that the SoBe Beverages are "All Natural" and contain vitamins such as B3, B5, B6, B12, C.

16. Upon scrutiny of the ingredients listed on the back of the bottle in tiny font under the Nutrition Facts Box, it is clear that the SoBe Beverages do not contain juices of any of the fruits listed on the front of the labels. *See* Exhs. A-D. For instance, the B-Energy Strawberry Apricot does not contain any strawberries or apricots; instead, it contains purple sweet potato juice (color). Similarly, the Macintosh Apple Cherry does not have any Macintosh apples or cherries, but it does contain Black Carrot Juice Concentrate (color).

## SoBe Beverages Contain Non-Natural and Synthetic Substances Created Via Chemical Processing

17. The dictionary defines the term "natural" as "existing in or produced by nature: not artificial."[1] This common dictionary definition of the term "natural" is consistent with the expectations of a reasonable consumer.

18. Thus, a reasonable consumer would not consider food products containing unnaturally processed, synthetic substances, or substances created via chemical processing, to be "All Natural."

19. The SoBe Beverages contain one or more of the following ingredients (collectively "Deceptively Labeled Ingredients") that are synthetic or created via chemical processing, and therefore belie claims that the products containing them are "All Natural". Attached as Exhibits A-D are the SoBe Product labels and ingredient lists reflecting the following ingredients, among others:

20. **ASCORBIC ACID**: Defendants label ascorbic acid as Vitamin C. Ascorbic acid occurs naturally in certain foods as Vitamin C, or L-ascorbic acid. However, ascorbic acid used as a Vitamin C supplement in foods is not naturally-occurring. Rather, it is synthesized through a combined chemical-organic process known as the Reichstein Process. The Reichstein Process uses the following steps: (1) hydrogenation of D-glucose to D-sorbitol, an organic reaction with nickel as a catalyst under high temperature and high pressure; (2) Microbial oxidation or fermentation of sorbitol to L-sorbose with <u>acetobacter</u> at pH 4-6 and 30° C; (3) protection of the 4 hydroxyl groups in sorbose by formation of the acetal with acetone and an acid to Diacetone-L-sorbose (2,3:4,6–Diisopropyliden–α–L–sorbose); (4) Organic oxidation with potassium permanganate followed by heating with water to yield 2-Keto-L-gulonic acid; and (5) a ring-closing step or gamma lactonization with removal of water. In recent

---

[1] WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 788 (1990).

5

CLASS ACTION COMPLAINT

years, Chinese chemists have developed a simplification of the Reichstein Process that substitutes biological oxidation using genetically engineered microorganisms for chemical oxidation.

21. Manufactured ascorbic acid is chemically identical to naturally-occurring Vitamin C, with both substances having the chemical formula $C_6H_8O_6$. However, its chemical manufacturing process places it outside of a reasonable consumer's definition of "All Natural."

22. **CYANOCOBALAMIN**: Defendants represent cyanocobalamin as Vitamin B12. Cyanocobalamin is a synthetic substitute for Vitamin B12 (cobalamin). It is manufactured via fermentation by a variety of microorganisms, yielding a mixture of methyl-, hydroxo-, and adenosylcobalamin. These compounds are then extracted and converted to cyanocobalamin by addition of potassium cyanide in the presence of sodium nitrite and heat.

23. Cyanocobalamin's chemical manufacturing process places it outside of a reasonable consumer's definition of "All Natural."

24. Moreover, cyanocobalamin, with the chemical formula $C_{63}H_{88}CoN_{14}O_{14}P$, is a different substance from Vitamin B12 (cobalamin), which has the chemical formula $C_{62}H_{88}CoN_{13}O_{14}P$. Thus, labeling cyanocobalamin as Vitamin B12 is misleading, irrespective of the fact that it is produced via chemical processing.

25. **CALCIUM PANTOTHENATE**: Defendants represent calcium pantothenate as Vitamin B5. Calcium pantothenate is a chemical salt used as a substitute for Vitamin B5 (pantothenic acid). It is produced synthetically for commercial use from isobutyraldehyde and formaldehyde via 1,1-dimethyl-2-hydroxy-propionaldehyde and pantolactone.

26. Calcium pantothenate's chemical manufacturing process places it outside of a reasonable consumer's definition of "All Natural."

6

CLASS ACTION COMPLAINT

27. Moreover, d-calcium pantothenate, with the chemical formula $C_{18}H_{32}CaN_2O_{10}$, is a different substance from pantothenic acid (Vitamin B5), which has the chemical formula $C_9H_{17}NO_5$. Thus, labeling d-calcium pantothenate as Vitamin B5 is misleading, irrespective of the fact that it is produced via chemical processing.

28. **NIACINAMIDE**: Defendants represent niacinimide as Vitamin B3. Niacinimide is a synthetic substitute for Vitamin B3 (niacin) which is industrially produced by a variety of methods, including: (1) esterifying nicotinic acid with methanol, followed by ammonolyis; (2) passing ammonia gas into molten nicotinic acid (amidation); and (3) partial hydrolysis of 3-cyanopyridine. Additionally, Lonza Fine Chemicals and Specialities, a Swiss company claiming to supply over half the world's niacinimide, employs a four-stage synthesis using nylon 6.6 byproduct 3-methyl-1,5-diaminopentane as starting material. This is transformed into picoline, which is ammoxidated and then biocatalytically hydrolysed to niacinamide.

29. Niacinamide's chemical manufacturing process places it outside of a reasonable consumer's definition of "All Natural."

30. Moreover, niacinamide, with the chemical formula $C_6H_6N_2O$, is a different substance from Vitamin B3 (niacin), which has the chemical formula $C_6H_5NO_2$. Thus, labeling niacinamide as Vitamin B3 is misleading, irrespective of the fact that it is produced via chemical processing.

31. **PYRIDOXINE HYDROCHLORIDE**: Defendants label pyridoxine hydrochloride as Vitamin B6. Pyridoxine hydrochloride is a synthetic form of Vitamin B6 produced by the condensation of ethoxyacetylacetone with cyanoacetamide.

32. Pyridoxine hydrochloride's chemical manufacturing process places it outside of a reasonable consumer's definition of "All Natural."

33. By labeling SoBe Products as "All Natural" and using the name of fruits on the front of the labels, Defendants create a reasonable consumer expectation that the products are manufactured with fruits or other edible ingredients originating from the

natural environment. Defendants' addition of the Deceptively Labeled Ingredients to the SoBe Beverages is inconsistent with this expectation, and is therefore likely to mislead consumers.

34. Defendants are well aware of these consumer tendencies, and takes advantage of them to mislead consumers. Defendants display their "All Natural" and fruit claims in prominent print and conspicuous locations, often on the front of the label. By contrast, Defendants hide references to Deceptively Labeled Ingredients in fine print, in an inconspicuous location on the label.

35. The result is a labeling scheme that is designed to mislead consumers, and which does so effectively.

36. By engaging in this deceptive scheme, Defendants reap increased profits by playing on consumers' desires for all natural, fruit beverages, while foregoing the additional expense of actually providing beverages that are free of chemically processed and/or non-juice ingredients.

## CLASS ACTION ALLEGATIONS

37. Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), Plaintiff seeks certification of a class initially defined as follows:

All persons in California who, within the last four-years from the date of the filing of this Complaint, bought one of the following products: SoBe 0 Calories Lifewater Macintosh Apple Cherry; SoBe 0 Calories Lifewater Black Cherry Dragonfruit; SoBe 0 Calories Lifewater B-Energy Strawberry Apricot; and SoBe Lifewater Strawberry Kiwi Lemonade. Excluded from the Class are Defendants and their subsidiaries and affiliates, Defendants' executives, board members, legal counsel, and their immediate families.

38. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues after having the opportunity to conduct discovery.


Case 2:12-cv-01429-JFW-DTB   Document 1   Filed 02/21/12   Page 10 of 18   Page ID #:30

39. <u>Numerosity</u>. Fed. R. Civ. P. 23(a)(1). The potential members of the Class as defined are so numerous that joinder of all members is unfeasible and not practicable. While the precise number of Class members has not been determined at this time, Plaintiff is informed and believes that many thousands of consumers have purchased one or more of the SoBe Beverages.

40. <u>Commonality</u>. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

    a. Whether Defendants misrepresented SoBe Beverages as "All Natural";

    b. Whether Defendants misrepresented SoBe Beverages as containing fruits;

    c. Whether Defendants violated California Civil Code § 1750, *et seq.*;

    d. Whether Defendants violated California Business and Professions Code § 17500, *et seq.*;

    e. Whether Defendants violated California Business and Professions Code § 17200, *et seq.*; and

    f. The nature of the relief, including equitable relief, to which Plaintiff and the Class members are entitled.

41. <u>Typicality</u>. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members were exposed to uniform practices and sustained injury arising out of and caused by Defendants' unlawful conduct.

42. <u>Adequacy of Representation</u>. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's Counsel is competent and experienced in litigating class actions.

43. <u>Superiority of Class Action</u>. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Class is impracticable. Furthermore,


9
CLASS ACTION COMPLAINT

the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

44. <u>Injunctive and Declaratory Relief.</u> Fed. R. Civ. P. 23(b)(2). Defendants' actions regarding the labeling of SoBe Beverages are uniform as to members of the Class. Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief as requested herein is appropriate respecting the Class as a whole.

## FIRST CAUSE OF ACTION

**California Consumers Legal Remedies Act – Cal. Civ. Code § 1750, *et seq.***

45. Plaintiff incorporates by reference and realleges all previous paragraphs.

46. Defendants are "persons" within the meaning of California Civil Code §§ 1761(c) and 1770, and provide "goods" within the meaning of Civil Code §§ 1761(a) and 1770. Defendants' customers, including Plaintiff and Class members, are "consumers" within the meaning of Civil Code §§ 1761(d) and 1770. Each purchase of Defendants' SoBe Beverages by Plaintiff and each Class member constitutes a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770.

47. The Consumers Legal Remedies Act makes it unlawful for a company to:

   (a)   Represent that goods have characteristics or ingredients which they do not have. Cal. Civ. Code § 1770(a)(5);

   (b)   Represent that goods are of a particular standard, quality, or grade, if they are of another. Cal. Civ. Code § 1770(a)(7); and

   (c)   Advertise goods with intent not to sell them as advertised. Cal. Civ. Code § 1770(a)(9).

48. Defendants violated these provisions by:

   (a)   Representing that SoBe Beverages are "All Natural," when they are not; and

(b) Representing that SoBe Products contain fruit when they do not.

49. Plaintiff reasonably relied on Defendants' misrepresentations and omissions.

50. As a direct and proximate result of Defendants' violations, Plaintiff suffered injury in fact and lost money.

51. Plaintiff, on behalf of himself and all others similarly situated, seeks equitable relief in the form of an order requiring Defendants to refund Plaintiff and Class members all monies they paid for SoBe Products, and injunctive relief in the form of an order prohibiting Defendants from engaging in the misconduct described herein and performing a corrective advertising campaign.

52. Plaintiff will comply with California Civil Code § 1782(a) by serving a preliminary notice before seeking damages under the Consumers Legal Remedies Act. If Defendants do not comply with the demand set forth in Plaintiff's notice, he will amend this complaint to seek damages.

53. Attached hereto as Exhibit E is an affidavit in compliance with Cal. Civil Code § 1780(c).

## SECOND CAUSE OF ACTION

**California False Advertising Law – Cal. Bus. & Prof. Code § 17500, *et seq.***

54. Plaintiff incorporates by reference and realleges all previous paragraphs.

55. Defendants engaged in unlawful, unfair, and/or fraudulent conduct under California Business & Professional Code § 17500, *et seq.*, by, *inter alia*:

(a) Representing that SoBe Beverages are "All Natural," when they are not; and

(b) Representing that SoBe Products contain fruit, when they do not.

56. Defendants committed such violations of the False Advertising Law with actual knowledge or knowledge fairly implied on the basis of objective circumstances.

57. Plaintiff reasonably relied on Defendants' representations and/or omissions made in violation of California Business & Professional Code § 17500, *et seq.*

11
CLASS ACTION COMPLAINT

58. As a result of Defendants' violations, Plaintiff suffered injury in fact and lost money.

59. Accordingly, Plaintiff, on behalf of himself and all others similarly situated, seeks equitable relief in the form of an order requiring Defendants to refund Plaintiff and Class members all monies they paid for SoBe Beverages, and injunctive relief in the form of an order prohibiting Defendants from engaging in the alleged misconduct described herein and performing a corrective advertising campaign.

## THIRD CAUSE OF ACTION

**California Unfair Competition Law – Cal. Bus. & Prof. Code § 17200, *et seq*.**

60. Plaintiff incorporates by reference and realleges all previous paragraphs.

61. Defendants engaged in unlawful, unfair, and/or fraudulent conduct under California Business & Professional Code § 17200, *et seq.*, by:

(a) Representing that SoBe Beverages are "All Natural," when they are not; and

(b) Representing that SoBe Products contain fruit, when they do not.

62. Defendants' conduct is unlawful in that it violates the Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*, the False Advertising Law, California Business & Professions Code § 17500, *et seq.* and California's Sherman Food, Drug & Cosmetic Law, California Health and Safety Code § 109875 *et seq.* including but not limited to §§ 110290, 110390, 110395, 110398 and 110400.

63. Defendants' conduct is unfair in that it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiff and Class members. The harm to Plaintiff and Class members arising from Defendants' conduct outweighs any legitimate benefit Defendants derived from the conduct. Defendants' conduct undermines and violates the stated spirit and policies underlying the Consumers Legal Remedies Act and False Advertising Law, as alleged herein.

64. Defendants' conduct is fraudulent in that Defendants' misrepresentations and omissions are likely to mislead a reasonable consumer.

65. Plaintiff relied on Defendants' misrepresentations and omissions.

66. As a direct result of Defendants' violations, Plaintiff suffered injury in fact and lost money.

67. Accordingly, Plaintiff, on behalf of himself and all others similarly situated, seeks equitable relief in the form of an order requiring Defendants to refund Plaintiff and Class members all monies they paid for SoBe Beverages, and injunctive relief in the form of an order prohibiting Defendants from engaging in the alleged misconduct described herein and performing a corrective advertising campaign.

**WHEREFORE**, Plaintiff, on behalf of himself and Class members, prays for relief as follows:

A. For an order that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed Class representative, and that Plaintiff's counsel be appointed as counsel for the Class;

B. For an order requiring Defendants to refund Plaintiff and all Class members for the money they paid for the SoBe Beverages;

C. For an order prohibiting Defendants from engaging in the misconduct described herein;

D. For an award of attorneys' fees;

E. For an award of the costs of suit incurred herein, including expert witness fees;

F. For an award of interest, including prejudgment interest, at the legal rate; and

G. For such other and further relief as this Court deems just and proper.

//
//

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all claims so triable.

DATED: February 16, 2012          FINKELSTEIN THOMPSON LLP

By: *Rosemary M. Rivas* (signature)
Rosemary Rivas
Danielle Stoumbos
100 Bush Street, Suite 1450
San Francisco, California 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

*Counsel for Individual and Representative Plaintiff Charles Hairston*



Exhibit A



Exhibit A

