GIBSON, DUNN & CRUTCHER LLP
DANIEL W. NELSON (*Pro Hac Vice*)
DNelson@gibsondunn.com
ANDREW S. TULUMELLO (State Bar No. 196484)
ATulumello@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Facsimile: (202) 530-4238

CHRISTOPHER CHORBA (State Bar No. 216692)
CChorba@gibsondunn.com
GILBERT LEE (State Bar No. 267247)
GLee@gibsondunn.com
JENNIFER E. ROSENBERG (State Bar No. 275496)
JRosenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendants
SOUTH BEACH BEVERAGE
COMPANY, INC.; PEPSICO, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES HAIRSTON,<br><br>          Plaintiff,<br><br>     v.<br><br>SOUTH BEACH BEVERAGE COMPANY, INC.; PEPSICO, INC.,<br><br>          Defendants. | Case No. LA CV 12-01429 JFW (DTB)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing<br>Date:     May 21, 2012<br>Time:     1:30 p.m.<br>Place:    Courtroom 16<br>Judge:   The Honorable John F. Walter<br><br>Action Filed:     February 21, 2012<br><br>Trial Date:        Not Set |

Gibson, Dunn &
Crutcher LLP

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................... 1

II. FEDERAL LAW PREEMPTS PLAINTIFF'S SPECIFIC CHALLENGES TO THE SOBE LABELS ....................................................... 1

III. PLAINTIFF DOES NOT STATE A UCL, FAL, OR CLRA CLAIM ........... 3

    A. Plaintiff Cannot Base His Claims On A Misreading Of The Phrase "ALL NATURAL [¶] WITH VITAMINS" ............................. 3

    B. Plaintiff Lacks Standing To Challenge Products He Never Purchased ........................................................................................ 6

    C. Rule 9(b) Applies To Plaintiff's Claims, Which Are Not Pleaded With The Requisite Particularity .................................................... 7

    D. Plaintiff Cannot Establish "Unlawful" Or "Unfair" Conduct ............... 9

    E. Plaintiff Failed To Provide Adequate Notice Of His CLRA Claim ............................................................................................... 9

IV. PLAINTIFF CANNOT STATE A FEDERAL WARRANTY ACT CLAIM ......................................................................................................... 10

V. CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ................................... 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................... 6

*Briseno v. ConAgra Foods, Inc.*,
  No. 11-05379-MMM, 2011 U.S. Dist. LEXIS 154750 (C.D. Cal.
  Nov. 23, 2011) ..................................................................................................... 8

*Carideo v. Dell, Inc.*,
  706 F. Supp. 2d 1122 (W.D. Wash. 2010) ..................................................... 6, 7

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
  No. 10-01044, 2011 U.S. Dist. LEXIS 6371 (N.D. Cal. Jan. 10, 2011),
  *aff'd*, 2012 U.S. App. LEXIS 6851 (9th Cir. Apr. 5, 2012) ......................... 5, 6, 7

*Delahunt v. Cytodyne Techs.*,
  241 F. Supp. 2d 827 (S.D. Ohio 2003) ............................................................... 8

*Dvora v. Gen. Mills, Inc.*,
  No. 11-1074-GHW, 2011 U.S. Dist. LEXIS 55513 (C.D. Cal. May 16,
  2011) ................................................................................................................... 5

*Freeman v. Time, Inc.*,
  68 F.3d 285 (9th Cir. 1995) ................................................................................. 4

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
  896 F.2d 1542 (9th Cir. 1990) ........................................................................... 11

*Hewlett-Packard Co. v. Super. Ct.*,
  167 Cal. App. 4th 87, 83 Cal. Rptr. 3d 836 (2008) ............................................. 7

*Hill v. Roll Int'l Corp.*,
  195 Cal. App. 4th 1295, 128 Cal. Rptr. 3d 109 (2011) ....................................... 5

*Huey v. Honeywell, Inc.*,
  82 F.3d 327 (9th Cir. 1996) ................................................................................. 4

*In re GlenFed, Inc. Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994) ............................................................................... 8

*In re McDonald's French Fries Litig.*,
  503 F. Supp. 2d 953 (N.D. Ill. 2007) ........................................................... 10, 11

*In re PepsiCo, Inc., Bottled Water Mktg. & Sales Practices Litig.*,
  588 F. Supp. 2d 527 (S.D.N.Y. 2008) ................................................................ 3

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
  MDL 1703, 2006 U.S. Dist. LEXIS 100903 (N.D. Ill. May 17, 2006) ............. 11

Gibson, Dunn & Crutcher LLP

*In re Tobacco II Cases,*
  46 Cal. 4th 298, 93 Cal. Rptr. 3d 559 (2009) ......................................................... 8

*Johns v. Bayer Corp.,*
  No. 09-1935, 2010 U.S. Dist. LEXIS 10926 (S.D. Cal. Feb. 9, 2010) .................. 6

*Kanter v. Warner-Lambert Co.,*
  99 Cal. App. 4th 780, 122 Cal. Rptr. 2d 72 (2002) .............................................. 12

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009) ........................................................................... 7, 8

*Laster v. T-Mobile USA, Inc.,*
  407 F. Supp. 2d 1181 (S.D. Cal. 2005) ............................................................ 9, 10

*Laster v. T-Mobile USA, Inc.,*
  No. 05-1167, 2008 U.S. Dist. LEXIS 103712 (S.D. Cal. Aug. 11, 2008),
  aff'd, *Laster v. AT&T Mobility LLC*, 584 F.3d 849 (9th Cir. 2009),
  rev'd on other grounds by *AT&T Mobility LLC v. Concepcion*, 131
  S. Ct. 1740, 179 L. Ed. 2d 742 (2011) ................................................................... 9

*Maronyan v. Toyota Motor Sales, U.S.A., Inc.,*
  658 F.3d 1038 (9th Cir. 2011) .............................................................................. 12

*McKinniss v. Gen. Mills, Inc.,*
  No. 07-2521-GAF, 2007 U.S. Dist. LEXIS 96107 (C.D. Cal. Sept. 18,
  2007) ....................................................................................................................... 5

*Mexicali Rose v. Super. Ct.,*
  1 Cal. 4th 617, 4 Cal. Rptr. 2d 145 (1992) .......................................................... 10

*Multimedia Patent Trust v. Microsoft Corp.,*
  525 F. Supp. 2d 1200 (S.D. Cal. 2007) .................................................................. 7

*Ries v. Hornell Brewing Co.,*
  No. 10-01139, 2011 U.S. Dist. LEXIS 36845 (N.D. Cal. Apr. 4, 2011) ........... 2, 9

*Rooney v. Cumberland Packing Corp.,*
  No. 12-00033, 2012 U.S. Dist. LEXIS 58710 (S.D. Cal. Apr. 16, 2012) ............. 4

*Semitekol v. Monaco Coach Corp.,*
  582 F. Supp. 2d 1009 (N.D. Ill. 2008) ................................................................. 12

*Shein v. Canon U.S.A., Inc.,*
  No. 08-07323-CAS, 2009 U.S. Dist. LEXIS 131519 (C.D. Cal. June 22,
  2009) ....................................................................................................................... 9

*Silva v. U.S. Bancorp,*
  No. 10-01854-JHN, 2011 U.S. Dist. LEXIS 152817 (C.D. Cal. Oct. 6,
  2011) ....................................................................................................................... 9

*Tietsworth v. Sears, Roebuck & Co.,*
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) ................................................................. 3

*Turek v. Gen. Mills, Inc.,* 662 F.3d 423 (7th Cir. 2011) .......................................... 2

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) .......................................................................................... 7

*Wang v. OCZ Tech. Group, Inc.*,
   276 F.R.D. 618 (N.D. Cal. 2011) ..................................................................................... 7

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) ....................................................................................... 5, 6

*Wolph v. Acer America Corp.*,
   No. 09-01314, 2009 U.S. Dist. LEXIS 83681 (N.D. Cal. Sept. 14, 2009) .......... 11

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010) ........................................................................ 8

**Statutes, Regulations, and Rules**

15 U.S.C. § 2301(6) ............................................................................................................. 10

15 U.S.C. § 2310(e) ............................................................................................................. 11

15 U.S.C. § 2311(d) ............................................................................................................. 12

21 U.S.C. § 343-1(a) .............................................................................................................. 1

21 U.S.C. § 371 ..................................................................................................................... 12

21 U.S.C. § 393(b)(2)(A) ..................................................................................................... 12

58 Fed. Reg. 2302 (Jan. 6, 1993) ........................................................................................ 6

Fed. R. Civ. P. 8 ...................................................................................................................... 6

Fed. R. Civ. P. 9(b) ................................................................................................................ 8

# I. INTRODUCTION

SoBe's labels fully disclose, in multiple ways, exactly what the products contain—from the front of the bottles to the ingredient statements. Plaintiff's strategy is to challenge parts of the labels, read them in isolation, disregard other parts of the label, and ask the Court to conclude that any disagreement with Plaintiff is a "fact" question.

This pleading approach does not comply with the law. Plaintiff cannot pass through the Rule 12(b)(6) gate by ignoring federal labeling regulations or by engaging in a selective and implausible reading of isolated parts of SoBe's labels. Instead, Plaintiff must plead plausible, particularized, and non-preempted claims. Because he has not done so, the Court should dismiss his Complaint.

# II. FEDERAL LAW PREEMPTS PLAINTIFF'S SPECIFIC CHALLENGES TO THE SOBE LABELS

In the Motion, Defendants established that Plaintiff cannot base his claims on challenges to the use of fruit names or to the labeling of vitamins. (*See* Mot. at 7-12 & n.4.) The Federal Food, Drug, and Cosmetic Act ("FDCA") expressly preempts "any requirement for the labeling of food … that is not identical to" federal law and/or FDA regulations. 21 U.S.C. § 343-1(a)(1)-(3); *see also id.* § 343-1(a)(4). FDA regulations specifically permit the fruit name and vitamin labeling that Plaintiff challenges here.

Plaintiff's Opposition appears to concede that Defendants' preemption analysis is correct. Indeed, Plaintiff entirely ignores these arguments and instead contends that he "does not challenge Defendant[s'] labeling of the vitamins, the use of the vitamins in the product, or the fruit name on the label as deceptive on their own." (Opp. at 2.) However, the allegations of his FAC (which control the analysis) prove otherwise:

- "Since Defendants' SoBe Beverages are named after fruit …, [Plaintiff is] likely to be deceived into believing that Defendants' SoBe Beverages are, indeed, 'All Natural'" (FAC ¶ 4);
- The ingredients are allegedly "inconsistent with the 'All Natural' claims, especially in light of the fruit names on the SoBe Beverages" (*id.* ¶ 5);
- "Plaintiff relied on the representations that the SoBe Beverages were 'All Natural' and the name of the fruits on the front of the labels" (*id.* ¶ 12);
- "By labeling SoBe Products as 'All Natural' and using the name of fruits on

Gibson, Dunn & Crutcher LLP

1

the front of the labels, Defendants create a reasonable consumer expectation that the products are manufactured with 'all natural' ingredients" (*id.* ¶ 36);

- "The SoBe Beverages are expressly named after fruit …. Reasonable consumers are likely to believe that the SoBe Beverages contain 'All Natural' ingredients. This belief is reinforced by Defendants' other representations that the SoBe Beverages contain vitamins such as B3, B5, B6, B12, C" (*id.* ¶ 18; *see also id.* ¶¶ 21-34);
- He defines five vitamins as "Deceptively Labeled Ingredients" (*id.* ¶ 21); and
- "[L]abeling cyanocobalamin as Vitamin B12 is misleading irrespective of the fact that it is produced via chemical processing" (*id.* ¶ 26).

These allegations unambiguously challenge the use of fruit names and common vitamin names on SoBe products. Plaintiff cannot change his allegations by trying to recharacterize them as merely support for his "All Natural" claim. The FAC plainly alleges that the reference to fruit names on the label itself misled consumers (*see, e.g.*, *id.* ¶¶ 4, 18; *see also* Opp. at 7 (fruit names "could easily be interpreted by consumers as a claim that all the ingredients in the product were natural")) and that vitamins are "deceptively labeled" because they include the common name (*see, e.g.*, FAC ¶ 26).

Nor can Plaintiff avoid preemption by arguing that "[t]he gravamen of Plaintiff's complaint is solely that Defendants' 'all natural' representations are false and misleading … because the Products contain ingredients that are synthetic and/or are created via chemical processing." (Opp. at 1.) If that were Plaintiff's intent, the FAC should not contain allegations challenging the fruit and vitamin names. In any event, whether the "all natural" claim is "the gravamen of Plaintiff's complaint" or not, the fact remains that the FAC challenges labeling that complies with federal law. Such allegations are preempted. (Mot. at 7-13.)[1]

---

[1] Moreover, allowing Plaintiff to challenge label statements that comply with federal standards simply by arguing that they are included in the lawsuit to support claims as to another aspect of the product label would undermine the very purpose of federal labeling standards, which is to avoid a patchwork of different state standards that would require "50 different labels …." *Turek v. Gen. Mills, Inc.*, 662 F.3d 423, 426 (7th Cir. 2011). Other courts have rejected similar attempts to avoid preemption. *See, e.g.*, *Ries v. Hornell Brewing Co.*, No. 10-01139, 2011 U.S. Dist. LEXIS 36845, at *10 (N.D. Cal. Apr. 4, 2011) (plaintiffs challenged "all natural" labeling as false because of product's FDA-compliant use of fruit names; court held that while the "all natural" claim was not preempted, federal law preempted the related "fruit name" claim: "Based on the complaint in its present form, it appears that Plaintiffs are attempting to enforce through state law claims for false advertising requirements

[Footnote continued on next page]

Gibson, Dunn & Crutcher LLP

Because all of Plaintiff's claims rest on his allegations regarding the use of fruit names on product labels and the vitamin labeling, and because Plaintiff does not dispute that federal law preempts these challenges, his entire FAC should be dismissed.

### III. PLAINTIFF DOES NOT STATE A UCL, FAL, OR CLRA CLAIM

#### A. Plaintiff Cannot Base His Claims On A Misreading Of The Phrase "ALL NATURAL [¶] WITH VITAMINS"

Unable to overcome the preemptive effect of federal regulations permitting Defendants' use of fruit names and its labeling of vitamins, Plaintiff is left with his challenge to the phrase "all natural." But as Defendants established in their Motion, Plaintiff selectively ignores the immediately qualifying language on the label—namely that the SoBe beverages are "ALL NATURAL [¶] WITH VITAMINS" or "ALL NATURAL [¶] WITH B VITAMINS." (FAC, Exs. A-D; Mot. at 13:20-14:22.)

In his Opposition, Plaintiff doubles down on his selective misreading, suggesting that the use of "all natural" must also encompass the reference to "vitamins." (Opp. at 7-9 & n.1.) For example, he asserts, without any support, that "reasonable consumers would read '*all natural vanilla ice cream with fudge*' to mean both that the vanilla ice cream and fudge were all natural, and would not read it to mean 'vanilla ice cream with vanilla fudge.'" (*Id.* at 9.) But that is precisely the point—it is not reasonable to read the first word ("vanilla" / "natural") to modify the second clause ("fudge" / "vitamins"). Plaintiff also ignores the surrounding context of the products at issue here, which are 0-calorie, "nutrient enhanced," flavored water beverages. (FAC, Exs. A-D.)[2]

---

[Footnote continued from previous page]
not contained in the [FDCA] and its implementing regulations."); *In re PepsiCo, Inc., Bottled Water Mktg. & Sales Practices Litig.*, 588 F. Supp. 2d 527, 537 (S.D.N.Y. 2008) (plaintiff challenged Aquafina's use of a mountain graphic because the water allegedly was bottled from a public tap; court held that "[plaintiff's] theories"—which conflicted with federal regulations that specifically did not require disclosure of municipal source of bottled water—were "expressly preempted").

[2] The Opposition advances a new challenge to the electrolytes in the products (Opp. at 7-8 & n.3), but "'[i]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.'" *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1144 (N.D. Cal. 2010).

1    Plaintiff also claims the "addition of 'with vitamins' in small print under its 'all
2 natural' claim does not alert a reasonable consumer" as to the contents of the drink.
3 (Opp. at 8-9.)  But the Ninth Circuit has rejected this argument, affirming the dismissal
4 of a deception claim where the plaintiff alleged "that members of the public would be
5 deceived" because "it is likely that the reader will review the large print and ignore the
6 qualifying language in small print." *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir.
7 1995).  The court observed that "[n]one of the qualifying language is hidden or
8 unreadably small." *Id.*  Likewise, the "WITH VITAMINS" language at issue here appears
9 immediately below the challenged "ALL NATURAL" statement.  (*See* FAC, Exs. A-D.)

10   Further, to the extent there was any ambiguity, it is dispelled by the ingredient
11 disclosure, which explains precisely what the beverage contains.  *See Freeman*, 68 F.3d
12 at 287, 289-90 ("Any ambiguity that [plaintiff] would read into any particular statement
13 is dispelled by the promotion as a whole.").  Another district court recently dismissed a
14 similar complaint alleging that "Sugar in the Raw®" was deceptive because it was
15 actually processed and not natural sugar.  *See Rooney v. Cumberland Packing Corp.*,
16 No. 12-0033, 2012 U.S. Dist. LEXIS 58710, at *11 (S.D. Cal. Apr. 16, 2012).  The
17 court concluded no reasonable consumer could be deceived by the label "Sugar in the
18 Raw" because the package stated, in several places, that the sugar was turbinado-sugar
19 (a processed sugar).  Similarly, SoBe's "ALL NATURAL [¶] WITH VITAMINS" language,
20 especially when combined with the ingredient disclosures, states precisely what is
21 included in the products.  Consumers are not deceived about what they are drinking.  In
22 fact, Plaintiff himself conceded in his original complaint that "[u]pon scrutiny of the
23 ingredients listed on the back of the bottle … under the Nutrition Facts Box, it is *clear*
24 that the SoBe Beverages do not contain juices of any of the fruits listed on the front of
25 the labels." (Compl. [ECF No. 1] ¶ 16 (emphasis added).)[3]

---

[3] While Plaintiff complains that it is "improper" to consider the original complaint (Opp. at 9 n.5), he submitted this pleading pursuant to Rule 11 and "as a statement once seriously made by an authorized agent," it remains "competent evidence of the facts stated." *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996).

  The remainder of Plaintiff's argument on alleged deception simply relies on his generic contentions that "[d]ismissing UCL, FAL and CLRA claims at this stage is rarely appropriate" and that resolving these issues "is generally a question of fact, not appropriate for decision on a motion to dismiss." (Opp. at 5, 6.) But courts in this Circuit frequently apply the "likely to deceive" standard and dismiss food labeling cases on the pleadings where plaintiffs attempt to read a portion of the packaging out of context and without considering other language (including the ingredient disclosures). (Mot. at 14-17 (citing *McKinniss v. Gen. Mills, Inc.*, No. 07-2521-GAF, 2007 U.S. Dist. LEXIS 96107 (C.D. Cal. Sept. 18, 2007); *Carrea v. Dreyer's Grand Ice Cream, Inc.*, No. 10-01044, 2011 U.S. Dist. LEXIS 6371 (N.D. Cal. Jan. 10, 2011), *aff'd*, 2012 U.S. App. LEXIS 6851 (9th Cir. Apr. 5, 2012); *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 128 Cal. Rptr. 3d 109 (2011)).)

  Plaintiff cannot dispute the results in these cases, so he simply avers that they are all "factually distinguishable" without explaining why. (Opp. at 10.) But as even Plaintiff acknowledges in his discussion of *McKinniss* (*id.* at 10:9-11), the undeniable import of all of these cases is that where, as here, the label is not false to begin with, there is no claim for deception based on unreasonable inferences drawn by a consumer. Notably, these cases (along with *Freeman v. Time* and *Rooney v. Cumberland Packing*, discussed above) both predate and postdate *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008), on which Plaintiff heavily relies. (*See* Opp. at 5-8.) *See also Dvora v. Gen. Mills, Inc.*, No. 11-1074-GHW, 2011 U.S. Dist. LEXIS 55513, at *10 (C.D. Cal. May 16, 2011) ("Judge Feess's reasoning in *McKinnis*[*s*] survives the Ninth Circuit's decision in *Williams v. Gerber* ...."). *Gerber* concluded that "reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging." 552 F.3d at 939-40. Here, SoBe's ingredient statement *is* consistent with the front label statement "ALL NATURAL [¶] WITH VITAMINS"; it *is* consistent with the statement "NUTRIENT ENHANCED HYDRATION BEVERAGE" and the fact that this is a flavored *water* beverage (not a juice); and it *is*

consistent with the product name, "0 Calories Lifewater." At most, *Gerber* stands for the proposition that *misrepresentations* on the front of a label cannot be saved by the ingredient list. *Id.* at 939. Here, there are no misrepresentations on the front of SoBe labels. The ingredient statement is consistent with the rest of the packaging.

Finally, Plaintiff cannot base his claims on the one product's use of xanthan gum. He never confronts his own allegation that xanthan gum is "derived from a *natural* bacterium" and is a well-known "thickening and stabilizing agent" in "food products such as beverages [and] salad dressings." (FAC ¶ 35 (emphasis added).) By his *own* logic, this ingredient hardly falls outside of his (and the FDA's) definition of "natural"—i.e., it is not something that "'would not normally be expected'" in a beverage. (*Id.* ¶ 20; *see also* 58 Fed. Reg. 2302, 2407 (Jan. 6, 1993).)

**B.     Plaintiff Lacks Standing To Challenge Products He Never Purchased**

Plaintiff "cannot expand the scope of his claims to include a product he did not purchase" because Article III and "[t]he statutory standing requirements of the UCL and CLRA are narrowly prescribed and do not permit such generalized allegations." *Johns v. Bayer Corp.*, No. 09-1935, 2010 U.S. Dist. LEXIS 10926, at *13 (S.D. Cal. Feb. 9, 2010); *Carrea*, 2011 U.S. Dist. LEXIS 6371, at *7-8 (plaintiff does not have standing to pursue UCL, FAL, and CLRA claims as to products he never purchased), *aff'd on other grounds*, 2012 U.S. App. LEXIS 6851 (9th Cir. Apr. 5, 2012).

None of the cases cited in the Opposition even *addressed* standing to bring claims regarding products that the named plaintiff did not purchase, and if anything they confirm that Plaintiff cannot do so here:

- Plaintiff claims that *Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122 (W.D. Wash. 2010), "[found] standing for multiple products not purchased by plaintiff where causes of action and factual allegations were the same." (Opp. at 11:8-10.) In fact, *Carideo* did not address *standing* at all; the court considered whether sufficient facts had been pleaded under *Iqbal*, *Twombly*, and Rule 8. 706 F. Supp. 2d at 1134. The court also recognized that the defendant's "argument as to the[] computer models [plaintiff did not

purchase] touches on legal concerns that may surface later in this action …." *Id*.

- Likewise, *Wang v. OCZ Tech. Group, Inc.*, 276 F.R.D. 618 (N.D. Cal. 2011), did not address standing to pursue claims for the products plaintiff did not purchase. Rather, the court denied a motion to strike these allegations because they were inadequately pleaded, and it expressly distinguished the reasoning in *Carideo* from *Carrea v. Dreyer's Grand Ice Cream* and other cases cited in the Motion that addressed standing. *Id*. at 632-33. *Wang* also noted that plaintiff's "inability to allege injury based on products that he did not purchase may ultimately subject those claims to proper dismissal pursuant to a Rule 12(b) motion." *Id*. at 633.

- Plaintiff asserts that *Hewlett-Packard Co. v. Super. Ct.*, 167 Cal. App. 4th 87, 83 Cal. Rptr. 3d 836 (2008), "[found] standing for several [computer] models where plaintiff only had purchased one model." (Opp. at 11:11-12.) But—like *Carideo*—*Hewlett-Packard* did not address standing at all, so it could not have "[found] standing" as to products that plaintiff did not purchase. (*Id*.)

**C.   Rule 9(b) Applies To Plaintiff's Claims, Which Are Not Pleaded With The Requisite Particularity**

Plaintiff contends that "the elements of common law fraud are not essential" to a UCL claim. (Opp. at 14 (quoting *Multimedia Patent Trust v. Microsoft Corp.,* 525 F. Supp. 2d 1200, 1217 (S.D. Cal. 2007)).) That is true. But if the claims are "grounded in fraud," "'sound in fraud,'" or "allege a unified fraudulent course of conduct," the Ninth Circuit has squarely held that the "pleading as a whole must satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiff's claims are "grounded in fraud" and "allege[] a unified fraudulent course of conduct": The FAC alleges "false, deceptive, and misleading advertising" (FAC ¶ 8) as part of a "deceptive scheme" that "is designed to mislead consumers" (*id.* ¶¶ 38-39), and it relies upon and incorporates those allegations by reference for each claim including the federal warranty claim (*id.* ¶¶ 48, 57, 63, 70; *see also, e.g., id.* ¶¶ 51, 66).

These allegations trigger Rule 9(b). *See Kearns*, 567 F.3d at 1125.

Plaintiff does not meet his burden of pleading his allegations with the particularity required by Rule 9(b). All the FAC alleges is that Plaintiff "regularly purchased SoBe Beverages over the last 3-4 years," with details about only the "most recent[]" of these purchases "in or about December 2011 at Vons supermarket in Corona, California." (FAC ¶ 12.) Plaintiff does not provide any other details; he does not allege **where** he purchased the rest of his beverages, **how** much he paid for any of them (or the prices of comparable beverages), or **when** he first purchased **which** products. Plaintiff claims that he need only allege these details generally (Opp. at 15-16), but another court in this District held that an allegation that plaintiff purchased a product "'repeatedly'" is insufficient. *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1124 (C.D. Cal. 2010). Other decisions reject the argument that Plaintiff may satisfy Rule 9(b) by alleging the details of just one purchase, because "'greater specificity [of] the dates on which purchases were made'" is required. *Briseno v. ConAgra Foods, Inc.*, No. 11-05379-MMM, 2011 U.S. Dist. LEXIS 154750, at *36 (C.D. Cal. Nov. 23, 2011).[4] Further, Plaintiff attempts to satisfy his obligation to plead "what is false or misleading about a statement" and "why," *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), and whether he "would not have engaged in the injury-producing conduct" absent the alleged deception, *In re Tobacco II Cases*, 46 Cal. 4th 298, 326, 93 Cal. Rptr. 3d 559 (2009), in a legally insufficient and conclusory way. (*See* FAC ¶ 12.)[5]

---

[4] These decisions demonstrate that in this District, courts hold parties to a higher burden than the out-of-circuit case on which Plaintiff relies. (Opp. at 15 (citing *Delahunt v. Cytodyne Techs.*, 241 F. Supp. 2d 827 (S.D. Ohio 2003)).)

[5] Plaintiff's objection that Defendants failed to satisfy their meet and confer obligations (Opp. at 12-13) is without merit. Defendants provided appropriate advance notice of the grounds on which they intended to move to dismiss, and their attorneys are prepared to address these issues at the hearing if necessary. Further, the Local Rule 7-3 meet and confer obligations run both ways. After Plaintiff raised this issue, Defendants offered to discuss it but Plaintiff's counsel did not respond or otherwise explain how they could cure their Rule 9(b) deficiencies. Nor does Plaintiff proffer any additional facts in his Opposition that he could plead.

Gibson, Dunn & Crutcher LLP

8

### D. Plaintiff Cannot Establish "Unlawful" Or "Unfair" Conduct

Defendants argued in the Motion to that Plaintiff's claims for "unlawful" or "unfair" business practices under the UCL are conclusory and legally insufficient for several reasons. (Mot. at 20-21 & n.6.) Because Plaintiff made no attempt to defend these claims, the Court should dismiss them. *See Silva v. U.S. Bancorp*, No. 10-01854-JHN, 2011 U.S. Dist. LEXIS 152817, at *8-9 (C.D. Cal. Oct. 6, 2011) (failure to respond to an argument is a concession that the claims should be dismissed).

### E. Plaintiff Failed To Provide Adequate Notice Of His CLRA Claim

As Defendants established, Plaintiff failed to provide proper notice of his CLRA claim, because he sent his notice letter *after* filing a complaint seeking monetary relief. (Mot. at 21:11-22:9; *see also Laster v. T-Mobile USA, Inc.*, No. 05-1167, 2008 U.S. Dist. LEXIS 103712, at *52 (S.D. Cal. Aug. 11, 2008) (dismissing CLRA restitution and actual damages claims with prejudice because "the notice requirement applies to monetary damages, regardless of whether such damages are calculated based upon the unjust enrichment of Defendant or the Plaintiffs' loss").)

While Plaintiff attempts to portray *Laster* as an "anomaly" (Opp. at 17 n.12), several other district courts have reached the same conclusion and concluded that CLRA claims for restitution require compliance with the notice requirement. *See, e.g., Ries*, 2011 U.S. Dist. LEXIS 36845, at *15 ("Defendants observe correctly that a restitution claim brought under the CLRA is a claim for damages and requires proper notice."); *Shein v. Canon U.S.A., Inc.*, No. 08-07323-CAS, 2009 U.S. Dist. LEXIS 131519, at *20-21 (C.D. Cal. June 22, 2009) (dismissing CLRA restitution claim).

Plaintiff also fails to respond to Defendants' argument that *Laster* is consistent with the legislative intent to conserve judicial resources and ensure "expeditious remediation *before* litigation" through "strict" enforcement of the requirement. *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2005) (emphasis added). As that court concluded, "the Legislative goals would be eviscerated if consumers were allowed to sue for damages without first providing the statutorily mandated period for

remediation." *Id.*

## IV. PLAINTIFF CANNOT STATE A FEDERAL WARRANTY ACT CLAIM

Plaintiff contends that his Magnuson-Moss Warranty Act ("MMWA") claim survives because "Defendants advertised and sold their waters with specific representations of facts which guaranteed certain qualities …." (Opp. at 18:5-6.) But Plaintiff mistakenly conflates the statements on the SoBe labels with "guarantees" actionable under the MMWA. This law defines a "written warranty" as (1) a "written affirmation of fact" or "promise" that a product is "**defect free**"; (2) a "written affirmation of fact" or "promise" that a product "**will meet a specified level of performance over a specified period of time**"; or (3) a promise to "**refund, repair [or] replace**" a defective product. 15 U.S.C. § 2301(6) (emphases added). The SoBe labels make none of these promises and create no "warranty" under the MMWA.

While the FAC is ambiguous, the Opposition appears to rely exclusively on the "defect free" prong. (Opp. at 18:12-14, 21:14-17.) But it stretches this phrase "defect free" beyond its breaking point to claim that the challenged statements ("ALL NATURAL [¶] WITH VITAMINS") create an explicit "promise" that the products were "defect free." Plaintiff does not allege any physical injury, or that the beverages were tainted, unfit for human consumption, or otherwise not fit for their "ordinary purpose." *See, e.g., Mexicali Rose v. Super. Ct.*, 1 Cal. 4th 617, 622 & n.3, 4 Cal. Rptr. 2d 145 (1992) (affirming dismissal of warranty claims and holding that food was "'merchantable'" and "fit for its ordinary purposes" if it was "'fit for human consumption'").

Plaintiff's "promise" theory has no bounds, and it would convert the MMWA into an all-encompassing federal false advertising statute deployable against any allegedly deceptive statement about food and beverage content. Plaintiff cites no case (and Defendants are not aware of any decision) holding that product disclosures on beverage labels constitute a written warranty under the MMWA. (*See* Mot. at 23.) Contrary to Plaintiff's assertion (Opp. at 20:7-10), *In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953 (N.D. Ill. 2007), did *not* conclude that a description of a

food constituted a "written warranty" under the MMWA. The plaintiffs in that case did not bring a MMWA claim; all of their warranty claims were based on state law. *Id.* at 957-58; *see also* Compl., No. 06-04467, ECF No. 10 (N.D. Ill. Nov. 28, 2006). The plaintiffs invoked the MMWA only as a predicate for their Florida state-law warranty claim to rebut defendant's privity argument, because the MMWA contains no privity requirement. 503 F. Supp. 2d at 958. As state law defined the scope of the warranty at issue, *McDonald's* never reached the question of whether the representations on defendant's website constituted a "written warranty" within the meaning of the MMWA. *Id*. Thus, Plaintiff is incorrect to suggest to this Court that it did. Likewise, the MMWA claims for express warranty in *Wolph v. Acer America Corp.*, No. 09-01314, 2009 U.S. Dist. LEXIS 83681 (N.D. Cal. Sept. 14, 2009), were premised on California *state* warranty law, so that case is also inapposite here. *Id.* at *3-4.[6]

      Plaintiff's remaining arguments in defense of his MMWA claim also fail. First, he contends that he provided the required notice and opportunity to cure the alleged violation of the MMWA by virtue of his March 12, 2012 letter, and the Court must "take[] as true" this allegation at this stage of the case. (Opp. at 22:4-6; FAC, Ex. F.) But Plaintiff cannot avoid exhibits attached to the FAC, which are appropriately considered on a motion to dismiss. *See, e.g.*, *Hal Roach Studios*, *Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). By its plain terms, this letter purports to provide notice of a *CLRA claim* (FAC, Ex. F); it makes no mention of "warranty" or the MMWA. Because "*[n]o action … may be brought*" under the MMWA without pre-litigation notice, 15 U.S.C. § 2310(e) (emphasis added), and Plaintiff concedes that he

---

[6] Defendants did not "mischaracterize" *In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, MDL 1703, 2006 U.S. Dist. LEXIS 100903, at *13 (N.D. Ill. May 17, 2006) (Opp. at 20:13-17), which held that the product label did "not inform consumers that the [products] are defect-free or make any representation about performance at a specified level over a specified time." Although Plaintiff tries to distinguish *Sears* on its facts, that court observed that the description "Made in America" "does arguably relate to the 'nature' of the material or workmanship," yet it *still* "fails to satisfy the defect-free/performance prong of § 2301(6)(A)." *Id.*

did not provide this required notice, the Court should dismiss this claim.[7]

Second, as Defendants explained in the Motion (at 24), the MMWA is "inapplicable to any written warranty the making or content of which is otherwise governed by Federal law." 15 U.S.C. § 2311(d). Here, the FDCA and FDA regulations "govern" the labeling at issue. *See* 21 U.S.C. §§ 371, 393(b)(2)(A); *Kanter v. Warner-Lambert Co.*, 99 Cal. App. 4th 780, 797, 122 Cal. Rptr. 2d 72 (2002) (MMWA did not apply because, among other reasons, "the FDCA and its implementing regulations govern the labeling at issue"). Whether or not these regulations preempt Plaintiff's claims is beside the point for purposes of the MMWA.

Third, *Twombly* does not allow plaintiffs to meet their pleading burdens by leaving courts to fill in the blanks, as Plaintiff suggests with respect to the $25 requirement in Section 2310(d)(3). (Opp. at 22:14.) If Plaintiff believed he could plead these facts consistent with his Rule 11 obligations, then he should have done so.

## V. CONCLUSION

The SoBe labels accurately describe all of the product ingredients and comply with federal law, and Plaintiff never disputes otherwise. Plaintiff may not premise this putative class action lawsuit on a selective review of the SoBe labels and an implausible (and insufficiently particularized) claim of deception and injury. Defendants respectfully request that the Court dismiss this action with prejudice.

DATED: May 7, 2012                    GIBSON, DUNN & CRUTCHER LLP

By: _____/s/_____
         Daniel W. Nelson
Attorneys for Defendants

---

[7] Plaintiff cites *Semitekol v. Monaco Coach Corp.*, 582 F. Supp. 2d 1009 (N.D. Ill. 2008) (Opp. at 22:7), but the warranty at issue there required notice of a defect before the defendant would honor its obligation to repair. *Semitekol* appears to address a different provision of the MMWA—Section 2310(a)'s exhaustion of informal dispute resolution procedures—and not separate notice and opportunity to cure requirements. *Id.* at 1018. *Maronyan v. Toyota Motor Sales, U.S.A., Inc.*, 658 F.3d 1038, 1042-43 (9th Cir. 2011) (Opp. at 22:11-12), also interpreted Section 2310(a) and never mentioned Section 2310(e).